IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JAY STANNARD, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SELECTQUOTE, INC.,

    Defendant.

Case No.: 6:24-cv-00312-WWB-LHP

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, SelectQuote Insurance Services ("SelectQuote"), erroneously identified as SelectQuote, Inc., through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Jay Stannard ("Plaintiff"), and states:

## NATURE OF THE ACTION

1. The Telephone Consumer Protection Act ("TCPA") and the referenced caselaw interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 1 state otherwise, and as calling for a legal conclusion, they are denied.

2. SelectQuote denies the allegations in ¶ 2.

3. SelectQuote denies the allegations in ¶ 3.

4. SelectQuote admits Plaintiff purports to bring this action on behalf of a class, but denies the allegations in ¶ 4 and further denies that this lawsuit meets the requirements of a class action.

5. SelectQuote denies the allegations in ¶ 5 and further denies that this lawsuit meets the requirements of a class action.

## PARTIES

6. SelectQuote denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. SelectQuote admits that it is a foreign corporation with an office in Overland Park, Kansas. Except as specifically admitted, SelectQuote denies the allegations in ¶ 7 as calling for a legal conclusion.

## JURISDICTION AND VENUE

8. SelectQuote admits Plaintiff's TCPA claim gives rise to federal question jurisdiction. Except as specifically admitted, SelectQuote denies the allegations in ¶ 8 as calling for a legal conclusion.

9. SelectQuote denies sending any illegal calls and further denies the allegations in ¶ 9 as calling for a legal conclusion.

10. Based solely upon the allegations in the Complaint, SelectQuote admits venue is appropriate in this District. Except as specifically admitted, SelectQuote denies the allegations in ¶ 10 as calling for a legal conclusion.

## **TCPA BACKGROUND**

Calls Made Using a Pre-Recorded Message

11. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 11 state otherwise, and as calling for a legal conclusion, they are denied.

12. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 12 state otherwise, and as calling for a legal conclusion, they are denied.

13. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 13 state otherwise, and as calling for a legal conclusion, they are denied.

14. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 14 state otherwise, and as calling for a legal conclusion, they are denied.

The Florida Telephone Solicitations Act

15. The Florida Telephone Solicitation Act ("FTSA") speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 15 state otherwise, they are denied.

16. The FTSA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 16 state otherwise, and as calling for a legal conclusion, they are denied.

17. The FTSA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 17 state otherwise, and as calling for a legal conclusion, they are denied.

18. The FTSA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 18 state otherwise, and as calling for a legal conclusion, they are denied.

## FACTUAL ALLEGATIONS

19. SelectQuote denies the allegations in ¶ 19 as calling for a legal conclusion.

20. SelectQuote denies the allegations in ¶ 20.

Call to Plaintiff

21. SelectQuote admits its records reflect a telephone number for Jay Stannard beginning with the area code 321. Except as specifically admitted, SelectQuote denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. SelectQuote denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

23. SelectQuote denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

24. SelectQuote denies the allegations in ¶ 24 as calling for a legal conclusion.

25. SelectQuote denies the allegations in ¶ 25.

26. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 26 state otherwise, they are denied.

27. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 27 state otherwise, they are denied.

28. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 28 state otherwise, they are denied.

29. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 29 state otherwise, they are denied.

30. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 30 state otherwise, they are denied.

31. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 31 state otherwise, they are denied.

32. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 32 state otherwise, they are denied.

33. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 33 state otherwise, they are denied.

34. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 34 state otherwise, they are denied.

35. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 35 state otherwise, they are denied.

36. SelectQuote admits its records reflect SelectQuote employee Alfred Robinson spoke to Plaintiff on November 24, 2023. The recording of the call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 36 state otherwise, they are denied.

37. The recording of any alleged call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 37 state otherwise, they are denied.

38. SelectQuote admits its records reflect SelectQuote employee Alfred Robinson spoke to Plaintiff on November 24, 2023. The recording of the call speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 38 state otherwise, they are denied.

39. SelectQuote denies the allegations in ¶ 39 and further denies that this lawsuit meets the requirements of a class action.

## CLASS ACTION ALLEGATIONS

40. SelectQuote admits Plaintiff purports to bring this action as a class action, but denies any violations, liability and wrongdoing under the law. SelectQuote specifically denies Plaintiff can meet the requirements set forth in Fed. R. Civ. P. 23. Except as specifically admitted, SelectQuote denies the allegations in ¶ 40.

41. SelectQuote admits that Plaintiff proposes the Class definition in ¶ 41, but denies the allegations and further denies that this lawsuit meets the requirements of a class action.

42. SelectQuote denies the allegations in ¶ 42 and further denies that this lawsuit meets the requirements of a class action.

43. SelectQuote admits that Plaintiff purports to exclude those individuals and entities listed in ¶ 43, but denies the allegations and further denies that this lawsuit meets the requirements of a class action.

44. SelectQuote denies the allegations in ¶ 44 and further denies that this lawsuit meets the requirements of a class action.

45. SelectQuote denies that Plaintiff is entitled to the relief sought.

46. SelectQuote denies the allegations in ¶ 46 and further denies that this lawsuit meets the requirements of a class action.

47. SelectQuote denies the allegations in ¶ 47 and further denies that this lawsuit meets the requirements of a class action.

48. SelectQuote denies the allegations in ¶ 48 and further denies that this lawsuit meets the requirements of a class action.

49. SelectQuote denies the allegations in ¶ 49 and further denies that this lawsuit meets the requirements of a class action.

50. SelectQuote denies the allegations in ¶ 50 and further denies that this lawsuit meets the requirements of a class action.

51. SelectQuote denies the allegations in ¶ 51 and further denies that this lawsuit meets the requirements of a class action.

52. SelectQuote denies the allegations in ¶ 52 and further denies that this lawsuit meets the requirements of a class action.

53. SelectQuote denies the allegations in ¶ 53 and further denies that this lawsuit meets the requirements of a class action.

54. SelectQuote denies the allegations in ¶ 54 and further denies that this lawsuit meets the requirements of a class action.

## FIRST CAUSE OF ACTION
### [Alleged] Violations of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

55. SelectQuote reasserts the foregoing as if fully stated herein.

56. SelectQuote denies the allegations in ¶ 56 and further denies that this lawsuit meets the requirements of a class action.

57. SelectQuote denies the allegations in ¶ 57 and further denies that this lawsuit meets the requirements of a class action.

58. SelectQuote denies the allegations in ¶ 58 and further denies that this lawsuit meets the requirements of a class action.

59. SelectQuote denies the allegations in ¶ 59 and further denies that this lawsuit meets the requirements of a class action.

## SECOND CAUSE OF ACTION

### [Alleged] Violation of the Florida Telephone Solicitation Act,
### Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

60. SelectQuote reasserts the foregoing as if fully stated herein.

61. SelectQuote admits Plaintiff purports to bring this action on behalf of a class, but denies the allegations in ¶ 61 and further denies that this lawsuit meets the requirements of a class action.

62. The FTSA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 62 state otherwise, and as calling for a legal conclusion, they are denied.

63. The FTSA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 63 state otherwise, and as calling for a legal conclusion, they are denied.

64. SelectQuote denies the allegations in ¶ 64 and further denies that this lawsuit meets the requirements of a class action.

65. SelectQuote denies the allegations in ¶ 65 and further denies that this lawsuit meets the requirements of a class action.

66. SelectQuote denies the allegations in ¶ 66 and further denies that this lawsuit meets the requirements of a class action.

67. SelectQuote denies the allegations in ¶ 67 and further denies that this lawsuit meets the requirements of a class action.

## **PRAYER FOR RELIEF**

SelectQuote denies that Plaintiff is entitled to the relief sought, including subparts (A) through (D).

**JURY DEMAND**

SelectQuote denies that Plaintiff is entitled to the relief sought.

**AFFIRMATIVE DEFENSES**

1. To the extent that any violations are established, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of routine business practices and procedures reasonably adopted and specifically intended to avoid any such error. Specifically, SelectQuote has established and implemented reasonable practices and procedures to effectively prevent a violation of the TCPA.

2. SelectQuote denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of SelectQuote's purported violations.

3. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming Plaintiff suffered any damages, Plaintiff has failed to mitigate damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than SelectQuote and were beyond the control or supervision of SelectQuote or for whom SelectQuote was and is not responsible or liable.

6. One or more of the telephone calls made to Plaintiff were not made to a wireless, i.e., cellular, telephone.

7. Plaintiff consented and authorized calls to the phone number in question.

8. The phone calls made to Plaintiff are exempt from TCPA liability under various provisions and regulations, including: 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b), 47 U.S.C.§ 227(c)(5)(c), 47 C.F.R. § 64.1200(a), and 47 C.F.R. § 64.1200(c)

9. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

10. To the extent the calls at issue were to Plaintiff's telephone, as alleged, Plaintiff provided consent to receive those calls.

11. To the extent Plaintiff was not the subscriber of the phone at the time of the calls, Plaintiff has no standing to assert the claim.

12. To the extent Plaintiff was not the intended recipient of the calls, Plaintiff has no standing to assert the claim.

13. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

14. Plaintiff has failed to state a claim against SelectQuote upon which relief may be granted.

15.     This Court may lack jurisdiction because Plaintiff may have agreed to mandatory binding arbitration and a class action bar.

WHEREFORE, Defendant, SelectQuote Insurance Services, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Date: March 12, 2024                             Respectfully Submitted,

*/s/ Bradley J. St. Angelo*
Bradley J. St. Angelo, Esq. (Lead Counsel)
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3850 N Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7905
Facsimile: (504) 828-3737
bstangelo@sessions.legal

Rachel M. Fleishman, Esq.
Florida Bar No. 1026438
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 775-2170
Facsimile: (877) 334-0661
rfleishman@sessions.legal
dvanhoose@sessions.legal

*Counsel for Defendant,*
*SelectQuote Insurance Services*

## **CERTIFICATE OF SERVICE**

I certify that on March 12, 2024, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

*/s/ Bradley J. St. Angelo*
Bradley J. St. Angelo, Esq.